# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B<br><br>**Plaintiff**<br><br>vs.<br><br><br><br>**Victoria A. McAllister and Arnold K. McAllister**<br><br><br><br>**Defendants**<br>Evergreen Credit Union<br><br>**Party-In-Interest** | CIVIL ACTION NO:<br><br><br><br><br><br>**COMPLAINT**<br><br>RE:<br>40 B Tyler Avenue, New Gloucester, ME 04260 (New Gloucester Tax Assessor's Map 3 Lot 34-1)<br>Mortgage:<br>June 11, 2003<br>Book 19576, Page 175 |

NOW COMES the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Victoria A. McAllister and Arnold K. McAllister, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B, in which the Defendants, Victoria A. McAllister and Arnold K. McAllister, are the obligor and the total amount owed under the terms of the Note is Two Hundred Thousand Six Hundred Eighty-Eight and 17/100 ($200,688.17) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B is a corporation with its principal place of business located at 425 Walnut Street, Cincinnati, OH 45202.

5. The Defendant, Arnold K. McAllister, is a resident of New Gloucester, County of Cumberland and State of Maine.

6. The Defendant, Victoria A. McAllister, is a resident of New Gloucester, County of Cumberland and State of Maine.

7. The Party-in-Interest, Evergreen Credit Union, is located at 225 Riverside Street, Portland, ME 04103.

## FACTS

8. On August 2, 2002, by virtue of a Warranty Deed from Victoria A. McAllister, which is recorded in the Cumberland County Registry of Deeds in **Book 17933, Page 91**, the property situated at 40 B Tyler Avenue, City/Town of New Gloucester, County of Cumberland, and State of Maine, was conveyed to Victoria A. McAllister and Arnold K. McAllister, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. On June 11, 2003, Defendants, Victoria A. McAllister and Arnold K. McAllister, executed and delivered to DownEast Mortgage Corporation a certain Note under seal in the amount of $152,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

10. To secure said Note, on June 11, 2003, Defendants, Victoria A. McAllister and Arnold K. McAllister executed a Mortgage Deed in favor of DownEast Mortgage Corporation, securing the property located at 40 B Tyler Avenue, New Gloucester, ME 04260 (also noted in the New Gloucester Assessor's Map as Map 3, Lot 34-1) which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 19576**, **Page 175**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Washington Mutual Bank, FA by virtue of an Assignment of Mortgage dated June 11, 2003 and recorded in the Cumberland County Registry of Deeds in **Book 19755**, **Page 197**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to JPMorgan Chase Bank, National Association by virtue of an Assignment of Mortgage dated February 27, 2014 and recorded in the Cumberland

County Registry of Deeds in **Book 31373**, **Page 20**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated July 29, 2015 and recorded in the Cumberland County Registry of Deeds in **Book 32503**, **Page 73**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated November 22, 2016 and recorded in the Cumberland County Registry of Deeds in **Book 33674**, **Page 80**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then assigned to Citibank, N.A., as Trustee for CMLTI Asset Trust by virtue of an Assignment of Mortgage dated October 30, 2018 and recorded in the Cumberland County Registry of Deeds in **Book 35287**, **Page 176**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. The Mortgage was then assigned to Citigroup Mortgage Loan Trust 2019-B by virtue of an Assignment of Mortgage dated September 9, 2019 and recorded in the Cumberland County Registry of Deeds in **Book 35993**, **Page 136**. *See* Exhibit I (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. The Mortgage was then assigned to U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B by virtue of an Assignment of Mortgage dated January 29, 2021 and recorded in the Cumberland County Registry of Deeds in **Book 37811**, **Page 288**. *See* Exhibit J (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

18. On March 15, 2021, the Defendants, Victoria A. McAllister and Arnold K. McAllister, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit K (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

19. The Demand Letter informed the Defendants, Victoria A. McAllister and Arnold K. McAllister, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit K.

20. The Defendants, Victoria A. McAllister and Arnold K. McAllister, failed to cure the default prior to the expiration of the Demand Letter.

21. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

22. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B, is the lawful holder and owner of the Note and Mortgage.

23. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

24. Evergreen Credit Union is a Party-in-Interest pursuant to a Mortgage in the amount of $125,000.00 dated November 6, 2007, and recorded in the Cumberland County Registry of Deeds in **Book 25636**, **Page 338** and is in second position behind Plaintiff's Mortgage.

25. The total debt owed under the Note and Mortgage as of May 28, 2021 is Two Hundred Thousand Six Hundred Eighty-Eight and 17/100 ($200,688.17) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $182,941.09 |
| Interest | $5,390.78 |
| Escrow Advance | $9,148.49 |
| Recoverable Balance | $2,981.75 |
| Accumulated Late Charges | $226.06 |
| Grand Total | $200,688.17 |

26. Upon information and belief, the Defendants, Victoria A. McAllister and Arnold K. McAllister, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

27. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B, repeats and re-alleges paragraphs 1 through 26 as if fully set forth herein.

28. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 40 B Tyler Avenue, New Gloucester, County of Cumberland, and State of Maine (and noted in the New Gloucester Tax Assessor's Map as Map 3, Lot 34-1). *See* Exhibit A.

29. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B, is the holder of the Note referenced in Paragraph 10 pursuant to endorsement by the previous holder (if applicable) and physical

possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B, has the right to foreclosure and sale upon the subject property.

30. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B, is the current owner and investor of the aforesaid Mortgage and Note.

31. The Defendants, Victoria A. McAllister and Arnold K. McAllister, are presently in default on said Mortgage and Note, having failed to make the monthly payment due December 1, 2019, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

32. The total debt owed under the Note and Mortgage as of May 28, 2021 is Two Hundred Thousand Six Hundred Eighty-Eight and 17/100 ($200,688.17) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $182,941.09 |
| Interest | $5,390.78 |
| Escrow Advance | $9,148.49 |
| Recoverable Balance | $2,981.75 |
| Accumulated Late Charges | $226.06 |
| Grand Total | $200,688.17 |

33. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

34. By virtue of the Defendants, Victoria A. McAllister and Arnold K. McAllister's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

35. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, Victoria A. McAllister and Arnold K. McAllister, on March 15, 2021, evidenced by the Certificate of Mailing. *See* Exhibit K.

36. The Defendants, Victoria A. McAllister and Arnold K. McAllister, are not in the Military as evidenced by the attached Exhibit L.

## COUNT II – BREACH OF NOTE

37. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B, repeats and re-alleges paragraphs 1 through 36 as if fully set forth herein.

38. On June 11, 2003, the Defendants, Victoria A. McAllister and Arnold K. McAllister, executed under seal and delivered to DownEast Mortgage Corporation a certain Note in the amount of $152,000.00. *See* Exhibit B.

39. The Defendants, Victoria A. McAllister and Arnold K. McAllister, are in default for failure to properly tender the December 1, 2019 payment and all subsequent payments. *See* Exhibit K.

40. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Victoria A. McAllister and Arnold K. McAllister.

41. The Defendants, Victoria A. McAllister and Arnold K. McAllister, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

42. The Defendants Victoria A. McAllister and Arnold K. McAllister's breach is knowing, willful, and continuing.

43. The Defendants Victoria A. McAllister and Arnold K. McAllister's breach has caused Plaintiff U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

44. The total debt owed under the Note and Mortgage as of May 28, 2021, if no payments are made, is Two Hundred Thousand Six Hundred Eighty-Eight and 17/100 ($200,688.17) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $182,941.09 |
| Interest | $5,390.78 |
| Escrow Advance | $9,148.49 |
| Recoverable Balance | $2,981.75 |
| Accumulated Late Charges | $226.06 |
| Grand Total | $200,688.17 |

45. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

46. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B, repeats and re-alleges paragraphs 1 through 45 as if fully set forth herein.

47. By executing, under seal, and delivering the Note, the Defendants, Victoria A. McAllister and Arnold K. McAllister, entered into a written contract with DownEast Mortgage Corporation who agreed to loan the amount of $152,000.00 to the Defendants.  *See* Exhibit B.

48. As part of this contract and transaction, the Defendants, Victoria A. McAllister and Arnold K. McAllister, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

49. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B, is the proper holder of the Note and successor-in-interest to DownEast Mortgage Corporation, and has performed its obligations under the Note and Mortgage.

50. The Defendants, Victoria A. McAllister and Arnold K. McAllister, breached the terms of the Note and Mortgage by failing to properly tender the December 1, 2019 payment and all subsequent payments. *See* Exhibit K.

51. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Victoria A. McAllister and Arnold K. McAllister.

52. The Defendants, Victoria A. McAllister and Arnold K. McAllister, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

53. The Defendants, Victoria A. McAllister and Arnold K. McAllister, are indebted to U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B in the sum of Two Hundred Thousand Six Hundred Eighty-Eight and 17/100 ($200,688.17) Dollars, for money lent by the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B, to the Defendants.

54. Defendants Victoria A. McAllister and Arnold K. McAllister's breach is knowing, willful, and continuing.

55. Defendants Victoria A. McAllister and Arnold K. McAllister's breach has caused Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

56. The total debt owed under the Note and Mortgage as of May 28, 2021, if no payments are made, is Two Hundred Thousand Six Hundred Eighty-Eight and 17/100 ($200,688.17) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $182,941.09 |
| Interest | $5,390.78 |
| Escrow Advance | $9,148.49 |
| Recoverable Balance | $2,981.75 |
| Accumulated Late Charges | $226.06 |
| Grand Total | $200,688.17 |

57. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

58. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B, repeats and re-alleges paragraphs 1 through 57 as if fully set forth herein.

59. DownEast Mortgage Corporation, predecessor-in-interest to U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B, loaned Defendants, Victoria A. McAllister and Arnold K. McAllister, $152,000.00.  *See* Exhibit B.

60. The Defendants, Victoria A. McAllister and Arnold K. McAllister, are in default for failure to properly tender the December 1, 2019 payment and all subsequent payments. *See* Exhibit K.

61. As a result of the Defendants Victoria A. McAllister and Arnold K. McAllister's failure to perform under the terms of their obligation, the Defendants, should be required to compensate the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B.

62. As such, the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

63. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B, repeats and re-alleges paragraphs 1 through 62 as if fully set forth herein.

64. DownEast Mortgage Corporation, predecessor-in-interest to U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B, loaned the Defendants, Victoria A. McAllister and Arnold K. McAllister, $152,000.00. *See* Exhibit B.

65. The Defendants, Victoria A. McAllister and Arnold K. McAllister, have failed to repay the loan obligation.

66. As a result, the Defendants, Victoria A. McAllister and Arnold K. McAllister, have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B as

    successor-in-interest to DownEast Mortgage Corporation by having received the aforesaid benefits and money and not repaying said benefits and money.

67. As such, the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B, upon the expiration of the period of redemption;

c) Find that the Defendants, Victoria A. McAllister and Arnold K. McAllister, are in breach of the Note by failing to make payment due as of December 1, 2019, and all subsequent payments;

d) Find that the Defendants, Victoria A. McAllister and Arnold K. McAllister, are in breach of the Mortgage by failing to make payment due as of December 1, 2019, and all subsequent payments;

e) Find that the Defendants, Victoria A. McAllister and Arnold K. McAllister, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Victoria A. McAllister and Arnold K. McAllister, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due December 1, 2019 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendants, Victoria A. McAllister and Arnold K. McAllister have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B, to restitution;

j) Find that the Defendants, Victoria A. McAllister and Arnold K. McAllister, are liable to the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B, for money had and received;

k) Find that the Defendants, Victoria A. McAllister and Arnold K. McAllister, are liable to the Plaintiff for quantum meruit;

l) Find that the Defendants, Victoria A. McAllister and Arnold K. McAllister, have appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendants, Victoria A. McAllister and Arnold K. McAllister, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B, is entitled to restitution for this benefit from the Defendants, Victoria A. McAllister and Arnold K. McAllister;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants, Victoria A. McAllister and Arnold K. McAllister, and in favor of the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B, in the amount of Two Hundred Thousand Six Hundred Eighty-Eight and 17/100 ($200,688.17 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-B,
By its attorneys,

Dated: June 23, 2021

/s/John A. Doonan, Esq.
/s/Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com